**\*\*E-filed 1/26/11\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

GUILLERMO PLASCENCIA, et al.,

    Plaintiffs,

v.

WACHOVIA BANK.,

    Defendant.
_____/

No. C 10-03552 RS

**ORDER RE MOTION TO DISMISS AMENDED COMPLAINT**

## I. INTRODUCTION

Plaintiffs Guillermo and Evangelina Plascencia aver that their primary language is Spanish, and that they do not speak, read, or understand English. In 2005, the Plascencias refinanced their home. They allegedly were told that the English language loan documents they executed provided for a fixed rate of interest, and fixed monthly payments. In fact, the loan documents called for a variable interest rate, and negative amortization during an initial repayment period. In March of 2009, the required monthly payment increased from $1700 to $3000. After initially being told they were qualified for a modification of their loan terms, "under the Obama plan," the Plascencias were never offered modification. In March of 2010, the Placensias' home was sold at a foreclosure sale.

In this action, the Placensias seek damages from defendant Wachovia Mortgage[1] under a number of legal theories. Wachovia moves to dismiss, contending that all of the claims for relief fail for one or more reasons. Pursuant to Civil Local 7-1(b), the motion to dismiss was submitted without oral argument. The motion will be granted, with leave to amend.

## II. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim may be dismissed because of a "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999). The Court, however, is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1056-57 (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); see also *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

Additionally, Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To satisfy the rule, a plaintiff must allege the "who, what, where, when, and how" of the charged misconduct. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). In other words, "the circumstances constituting the alleged fraud must be specific enough to give defendants notice of

---

[1] Wachovia, which was sued herein as "Wachovia Bank," was formerly known as World Savings Bank, and has since become a division of Wells Fargo Bank, N.A.

2

the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. U.S.A.,* 317 F.3d 1097, 1106 (9th Cir. 2003).

III.  DISCUSSION

The gravamen of the Placensias' complaint is that they were allegedly told they were contracting for a fixed interest rate loan in which the monthly payments would remain constant over its life, when the contract documents they were given to sign in fact provided for loan payments that (1) had the potential to vary with changes in the interest rate, and (2) would significantly increase upon expiration of the time in which negative amortization was permitted.  Under California law, and common law generally, allegations of this nature implicate the doctrine of fraud in the *inception* of a contract (as opposed to fraud in the inducement of a contract).  *See Rosenthal v. Great Western Fin. Securities Corp.*, 14 Cal.4th 394 (1996); Restatement Second of Contracts section 163, ("If a misrepresentation as to the . . . essential terms of a proposed contract induces conduct that appears to be a manifestation of assent by one who neither knows nor has a reasonable opportunity to know of the . . . essential terms of the proposed contract, his conduct is not effective as a manifestation of assent.") .

A party's failure to read the terms of a written contract may constitute negligence precluding a finding that the contract is void for lack of consent.  *Rosenthal*, 14 Cal.4th at 423.  Functional illiteracy in English, however, may render reliance on the other party's representations as to the content of documents reasonable, at least where there are circumstances suggesting elements of coercion and pressure, or a relationship of trust.  *Id.* at 428; *C.I.T. Corporation v. Panac*, 25 Cal.2d at 547, 553-560 (1944).[2]

The Plascencias' first three claims for relief all rest on this fraud theory.  None of them, however, satisfies Rule 9(b) of the Federal Rules of Civil Procedure, which requires the Plascencias to "state with particularity the circumstances constituting fraud or mistake."  The generalized assertions that they were "told" or that it was "explained to them" that they were obtaining a fixed

---

[2]  *Rosenthal* involved the showing a party must make to have a contract declared *void* for fraud in the inception.  It left open the question of whether a lesser showing might suffice to seek other equitable remedies or damages.  *Rosenthal*, 14 Cal.4th at 423.

3

1  rate, fixed payment loan do not comply with the requirement that they allege the "who, what, where,
2  when, and how" of the purported misrepresentations.

3    Additionally, the first three claims for relief do not otherwise state a claim. The labels of the
4  first two, "breach of the covenant of good faith and fair dealing" and "promissory estoppel," both
5  refer to theories that may apply in breach of contract claims. The allegations, however, are unclear
6  as to what contract, if any, the Placensias are contending existed and was breached. The third claim
7  for relief, entitled "fraudulent inducement to breach contract" similarly does not set out a
8  comprehensible theory. "Fraudulent inducement" most typically refers to fraud in connection with
9  the formation of a contract, not its breach.

10    The final two claims for relief, both brought under California Business and Professions Code
11  §17200, are derivative of, and dependent on, the Plascencias successfully alleging an underlying
12  wrong, among other things. Accordingly, the claims for relief as presently pleaded are all subject to
13  dismissal.

14    Wachovia's motion to dismiss advances three other arguments for dismissal that warrant
15  brief discussion. First, Wachovia contends the claims are all time-barred because, in its view, the
16  applicable statutes of limitation began to run when the loan documents were signed. Wachovia's
17  assertion that the Plascencias knew as of that date that they had not been provided a fixed rate, fixed
18  payment loan simply ignores the factual allegations that the contents of the loan documents were
19  misrepresented to them.

20    Next, Wachovia argues that the Placensias cannot set aside the deed of trust or the
21  foreclosure sale without tendering the loan proceeds they received. Even assuming that an
22  allegation of an ability to tender might be required in some circumstances, the complaint as
23  presently pleaded seeks only damages, not to unwind the foreclosure sale.

24    Finally, Wachovia contends that any state law claims arising from these circumstances are
25  preempted by the Home Owners' Loan Act. 12 U.S.C. § 1461, et seq. ("HOLA"). Under HOLA,
26  the Office of Thrift Supervision has issued regulations expressly preempting any state laws that
27  purport to regulate such matters as credit terms, originating and processing loans, and disclosures
28  that must be provided in the lending process. *See* 12 C.F.R. § 560.2(b). Certain state laws,
however, specifically including state tort law, are not preempted, "to the extent that they only

incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of paragraph (a) of this section." 12 C.F.R. § 560.2(c).  Here, the Placensias are not attempting to use state law to impose on Wachovia any specific disclosure duties or other obligations that would contravene or interfere with the national regulatory scheme contemplated by HOLA.  Accordingly, Wachovia has not shown that preemption under HOLA would serve as a basis to prevent this action from going forward, in the event the Placensias otherwise succeed in stating a claim.  Therefore, while the complaint must be dismissed for the reasons stated above, leave to amend will be granted.

## IV.  CONCLUSION

The motion to dismiss is granted on the grounds set forth above, with leave to amend.  Any amended complaint shall be filed within 20 days of the date of this order.

IT IS SO ORDERED.

Dated: 1/26/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

5